**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VALORIE V. EDWARDS,

    Plaintiff,

vs.                                                  CASE NO. 3:07-cv-937-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security (the Commissioner) denying her claim for supplemental security income (SSI) disability payments. Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #14, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #17, D's Brief). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated December 12, 2007 (Doc. #10). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **REVERSED and the case is REMANDED for further proceedings**.

## I. Procedural History

In the instant action, Plaintiff protectively filed an application for SSI disability payments on March 12, 2004, alleging an onset of disability of December 1, 2003 (Tr. 76, 79). Plaintiff's application was denied initially and upon reconsideration (Tr. 44-45, 50-53). Thereafter, Plaintiff timely requested a hearing, which was ultimately held on November 30, 2006, in Jacksonville, Florida before administrative law judge (ALJ) Stephen C. Calvarese (Tr. 644-80).[1] Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Melissa T. Brooks. Plaintiff was represented by attorney Marcella A. Taylor during the underlying proceedings (Tr. 39, 43, 47-58). On February 23, 2007, the ALJ issued a hearing decision denying Plaintiff's claim for SSI payments (Tr. 11-19). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 6-8), making the hearing decision the final decision of the Commissioner. Thereafter, Plaintiff filed the instant complaint in federal court on October 3, 2007 (Doc. #1). Plaintiff is now represented by attorney J. Alfred Stanley, Jr. (Doc. #1; Tr. 36-37).

---

[1]One peculiarity found in this record pertains to the administrative hearings held. The record contains a transcript for a hearing reported to have occurred on June 15, 2007, which is after the date of the decision in this matter (Tr. 636-43). The transcript refers to the 2007 hearing date on three separate pages (Tr. 636, 638, 643). Only the ALJ and vocational expert Robert Bradley were present at the hearing. The ALJ referred to an earlier failed hearing attempt on May 4, 2006 (Tr. 639). The ALJ also stated on the record a call had been received from the claimant's counsel advising the claimant was in jail (Tr. 638). ALJ Calvarese took sworn testimony from the VE and then closed the hearing stating he would issue a show cause letter/order to the claimant and her counsel. *Id.* There is a letter in the record dated August 21, 2006 from claimant/Plaintiff Valerie Edwards explaining why she was not June 15, 2006 hearing (Tr. 172). On remand, the Commissioner is directed to clarify the date (or dates) on this matter.

## II. Social Security Act Eligibility, the ALJ's Decision and the Standard of Review

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. § 416.905.[2] For purposes of determining whether a plaintiff is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). A plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ determined that claimant had engaged in substantial gainful activity after her alleged onset date of December 1, 2003 (Tr. 15). Specifically, Plaintiff had documented earnings in 2005 and 2006 that were the equivalent of gainful activity levels (Tr. 15), which Plaintiff did not dispute during the November 2006 hearing (Tr. 656-60). The ALJ found Plaintiff's work at Sonic Fast Foods from July to October 2006 constituted an unsuccessful work attempt and determined Plaintiff had not engaged in substantial gainful activity since May 2006 (Tr. 15). 20 C.F.R. § 416.920(b). At the second step, the

---

[2]All references made to 20 C.F.R. will be to the 2008 edition unless otherwise specified.

ALJ determined that Plaintiff had the severe combination of impairments of bipolar disorder, manic depression, back/neck pain due to herniated nucleus pulposus, carpal tunnel syndrome, sarcoidosis, and hypertension (Tr. 15). 20 C.F.R. § 416.920(c). The ALJ then determined at step three that Plaintiff's impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At the fourth step, the ALJ determined that the Plaintiff's impairment did not prevent her from doing some of her past relevant work. 20 C.F.R. § 920(d). Since he made that determination, he had no reason to consider the fifth step of determining whether Plaintiff's residual functional capacity (RFC) would prevent her from doing other work that exists in the national economy. 20 C.F.R. § 416.920(f).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he or she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court will not re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that a plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

### III. Analysis

Plaintiff was born October 24, 1962 (Tr. 76). Thus, at the time of the ALJ's decision, Plaintiff was forty-four (44) years old. According to Plaintiff's testimony, she graduated from high school early and attended two (2) years of college studying to be a medical assistant (Tr. 136, 650-51). Plaintiff has past relevant work as a medical assistant, fast food worker, laundry machine presser, cook's helper and house painter (Tr. 651-60, 670-73).

Plaintiff alleges error in two areas. First, Plaintiff asserts the overall decision is not based on substantial evidence because the ALJ failed to consider "the complete opinions" of all of Plaintiff's health care providers and consultants, particularly those of examining physician Dr. Timothy McCormick, D.O., examining psychologist Dr. Lauren Lucas, Ph.D., and treating neurologist Dr. Mark Emas, M.D., (P's Brief at 1-2, 8-9). Second, Plaintiff

5

claims the ALJ based his decision on a hypothetical question to the vocational expert that did not include appropriate psychiatric or psychological limitations (P's Brief at 2, 10).

Defendant responds that the ALJ's decision is supported by substantial evidence and was made in accordance with proper legal standards and the hypothetical question was not flawed (*see generally*, D's Brief). More specifically, Defendant asserts the ALJ did rely on consultative examiner, Dr. Timothy McCormick, in reaching his decision (D's Brief at 9-10) and there was no error in the ALJ's failure to include findings of consultative examiner Dr. Lauren Lucas in the hypothetical because she saw Plaintiff on only one occasion but the longitudinal medical evidence supports the limitations the ALJ described (D's Brief at 11-12).

The Court's independent review of the ALJ's decision and the submitted record reveals the ALJ either failed to consider, or failed to state he considered, key evidence in this case. Furthermore, the Court's review finds the ALJ failed to conduct the special mental evaluation technique as required by the Commissioner. See 20 C.F.R. § 416.920a. These errors require the case be remanded for further administrative proceedings.

<u>*Treating and Examining Medical Source Opinions*</u>

Plaintiff argues the ALJ ignored the medical evidence and opinion expressed by Plaintiff's treating physician Dr. Mark Emas, as well as ignored medical opinion expressed by the consulting psychologist, Dr. Lauren Lucas, who examined Plaintiff at the request of the Office of Disability Determinations. On these two matters, the Court agrees with Plaintiff. Consideration of all the medical evidence of record is mandated so that the ALJ can accurately determine a claimant's residual functional capacity (RFC). See 20 C.F.R. §§ 416.927, 416.929, 416.945.

6

Ordinarily, the opinion, diagnosis, and medical evidence of a treating physician are entitled to substantial or considerable weight, unless the ALJ finds good cause to do otherwise. 20 C.F.R. § 404.1527(d)(2); *Lewis*, 125 F.3d at 1440. The Eleventh Circuit has concluded "good cause" exists when a treating physician's opinion is not bolstered by the evidence, is contrary to the evidence, or when the treating physician's opinion is inconsistent with his or her own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). If an ALJ elects to *disregard* the medical opinion of a treating physician, then he must clearly articulate the reasons for so doing. *Id.* (emphasis added).

Here, the ALJ's decision does not reflect any consideration of the medical evidence submitted from Dr. Emas of Neurology Partners (*see* Tr. 225-257). The record demonstrates Plaintiff was treated by Dr. Emas from at least October 15, 2003 through approximately March 1, 2004 for cervical and thoracic pain with radiation into the left upper extremity. *Id.* Dr. Emas first saw Plaintiff for further evaluation of injuries sustained from a motor vehicle accident on October 5, 2003 (Tr. 226). On April 24, 2004, Dr. Emas summarized in a narrative report his history of Plaintiff's treatment, his diagnoses of Plaintiff's condition, the limitations he assessed on Plaintiff's ability to perform her activities of daily living and work, an impairment rating he determined under the *Guide to Evaluation of Permanent Impairment, 5th Edition*, and his estimate of future care costs (Tr. 226-30). Dr. Emas found Plaintiff to have a 13% whole body impairment and stated physical limitations on her ability to work and perform normal daily activities (Tr. 229). There is no reference to this evidence in the ALJ's decision.

In this case, a proper consideration and weighing of Dr. Emas' opinion of Plaintiff's physical condition might affect the determination of Plaintiff's RFC. The RFC is an

assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite the claimant's impairments. 20 C.F.R. § 416.945. The Eleventh Circuit has noted that the focus of a RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The law of the Eleventh Circuit is very clear that a treating physician's testimony must be given substantial or considerable weight unless good cause is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991).

Here, the Court is unable to ascertain what, if any, weight was given to the opinion evidence from Dr. Emas. Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. It appears the ALJ disregarded the medical record evidence <u>and</u> the medical opinion evidence from one of Plaintiff's treating physicians, without stating any reason. Such error requires remand of the case.

On a similar note, the ALJ failed to consider, or failed to state he considered, the opinion evidence of examining psychologist, Dr. Lauren Lucas. Dr. Lucas examined Plaintiff at the request of the Social Security Administration's Office of Disability Determinations in Jacksonville, Florida (see Tr. 258). As Defendant correctly notes, Dr. Lucas examined Plaintiff on a single occasion in June 2004, during which she conducted a "personality assessment" as authorized by the Office of Disability Determinations (D's Brief at 11-12). However, Defendant's argument that the ALJ's reliance on Plaintiff's treatment notes from 2004-2005 in developing the hypothetical question posed to the vocational expert somehow abrogates the ALJ's duty to consider this opinion evidence is

8

misplaced. An ALJ is required to consider all the relevant record evidence. 20 C.F.R. §§ 416.920(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); 416.927(b) ("In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). Dr. Lucas stated an opinion that reflects, based on her assessment, Plaintiff would deteriorate in a work-like setting because she "does not appear psychologically competent to perform a routine repetitive task and to appreciate the need for appropriate relations among co-workers and supervisors on a sustained basis without risk of decompensation." (Tr. 260.) This opinion goes directly to Plaintiff's severe mental impairments. The ALJ erred in failing to show consideration of this opinion evidence.

*Mental Impairment Evaluation*

In this case, the ALJ considered and discussed some of the mental health evidence, and concluded Plaintiff had severe mental impairments (Tr. 15). In his findings, the ALJ determined Plaintiff's bipolar disorder, manic depression, back/neck pain due to herniated nucleus pulposus, carpal tunnel syndrome, sarcoidosis and hypertension comprised a severe combination of impairments within the meaning of the Regulations (Tr. 15). The ALJ assessed Plaintiff retained the residual functional capacity to perform work at the light exertional level, with no more than frequent balancing, stooping, kneeling, crouching, and crawling; no more than occasional climbing of stairs and ladders, reaching, and overhead reaching; no concentrated exposure to hazards; and with the mental capability to perform unskilled work, with no more than moderate limitations in the ability to maintain attention

and concentration for extended periods, to carry out detailed instructions, accept instructions, respond appropriately to criticism from supervisors, set realistic goals, complete a normal workweek without interruptions from psychologically based symptoms, and perform at a consistent pace (Tr. 16 Finding 4).

As support for the assessed RFC, the ALJ stated the physical and mental limitations were "consistent with the DDS assessments at Exhibit 9F and 12F, which the undersigned gives great weight [due] to considerable support within the objective medical record." *Id.* The Court notes Exhibit 9F is the Physical Residual Functional Capacity Assessment of reviewing physician Dr. James C. Jamison, M.D., completed on June 16, 2004, and Exhibit 12F is the Psychiatric Review Technique form with the attached Mental Residual Functional Capacity Assessment of reviewing clinical psychologist Steven L. Wise, completed on September 5, 2004. Two other DDS assessments were not mentioned by the ALJ (*see* Tr. 271-89, 344-51).

In this instance, the ALJ did not complete the mental impairment analysis required by the Regulations. *See* 20 C.F.R. § 416.920a(e). That Regulation provides that "at the administrative law judge hearing level ... , we will document application of the technique in the decision." In 20 C.F.R. § 416.920a(e)(2), the Regulation specifies that the decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

Paragraph (c)(3) lists the four functional areas in which the degree of limitation must be rated: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation. Paragraph (c)(4) specifies a five-point scale of none, mild, moderate, marked and extreme will be use for the first three areas, and a

four-point scale of none, one or two, three, four or more, for the fourth functional area. "The last point on each scale would indicate a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 416.920a(c)(4). Applying the scale in Paragraph (d)(1), if the ratings are none or mild and none in the fourth area, "we will generally conclude that your impairment(s) is not severe ...." Implicitly, in Paragraph (d)(2), higher ratings indicate a severe impairment requiring a rating of the degree of functional limitations in the decision at the administrative law judge hearing and Appeals Council levels. 20 C.F.R. § 416.920a(d)(2).

The law of the Eleventh Circuit is very clear that when the ALJ fails to comply with Regulations on the methodology for evaluating mental impairments, remand is required. *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (per curiam). In *Moore*, the court joined other circuits around the nation in holding "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Id*. at 1214 (internal citations omitted).

On the facts of the case at bar, there is no question the ALJ's failure to follow the mental impairment evaluation set forth in 20 C.F.R. § 416.920a is an omission material to the outcome of this case. Here, the ALJ did not address all medical evidence of record and specifically did not address the opinion evidence of a consulting psychologist, where the weight afforded the opinion might impact Plaintiff's RFC and the determination of whether Plaintiff can perform her past relevant work.[3]

---

[3]Further, the Court can not determine whether the ALJ considered the Function Report- Adult-Third Party, completed by Plaintiff's brother on May 9, 2004. Such lay

11

## IV. Conclusion

As it is impossible for the Court to tell if the ALJ applied the proper test in evaluating medical opinion evidence and in evaluating Plaintiff's severe mental impairments, this case must be remanded. *See generally, Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).

On remand, the ALJ must consider the opinions of all of Plaintiff's examining and treating medical sources, as well as the opinions of non-examining medical sources, and give the proper weight to the testimony and statements of each as required by the law of this circuit. *See Lewis v. Callahan,* 125 F.3d at 1440-41*; Sharfarz v. Bowen*, 825 F.2d 278, 279-81 (11th Cir. 1987). If the ALJ finds reason to disregard the opinion of a treating or examining physician or other medical source, he must provide specific reasons for doing so and these reasons must be supported by substantial evidence in the record.

The medical evidence must be correctly weighed in accordance with the Regulations and prevailing case law, and Plaintiff's residual functional capacity must be reassessed. On remand, the ALJ may desire to reopen the record and accept any additional evidence deemed appropriate, which may include vocational testimony in light of the reassessed RFC. The ALJ may not, however, selectively rely on only a limited part of the record, while ignoring other parts. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

An ALJ is required to build an accurate and logical bridge from the evidence to his

---

opinion evidence constitutes other evidence submitted by Plaintiff on the severity of her symptoms and is entitled to consideration under 20 C.F.R. § 416.929(c)(3)-(4).

conclusion. *See Baker v. Barnhart*, Case No. 03-C-2291, 2004 WL 2032316, *8 (N.D. Ill. Sept. 9, 2004). The ALJ must also "sufficiently articulate" his assessment of the evidence to assure the court that he has considered the important evidence–so that the court may trace the path of the ALJ's reasoning to his conclusion. *Id.* After review of the ALJ's decision and the administrative record, the Court cannot find the ALJ has built the requisite accurate and logical bridge from the evidence to the conclusion.

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED** and the case is **REMANDED with instructions**.

Plaintiff is cautioned that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

## V. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B);

M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of March, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge